PER CURIAM.
The Judicial Ethics Advisory Committee petitions this Court to consider an amendment to the Florida Code of Judicial Conduct. We have jurisdiction. Art. V, § 2(a), Fla. Const. We adopt the amendment as proposed.
The committee is engaged in an ongoing effort to increase the level of consciousness among judicial candidates concerning the requirements of the code. To that end, the *1080 committee has asked this Court to consider amending Canon 7 of the code by adding section F. to read as follows:
Each candidate for a judicial office, including an incumbent judge, shall file a statement with the qualifying officer within 10 days after filing the appointment of campaign treasurer and designation of campaign depository, stating that the candidate has read and understands the requirements of the Florida Code of Judicial Conduct. Such statement shall be in substantially the following form:
STATEMENT OF CANDIDATE FOR JUDICIAL OFFICE
I, —. , the .judicial candidate, have received, have read, and understand the requirements of the Florida Code of Judicial Conduct.
Signature of Candidate Date
This proposal was published in The Florida Bar News for comment. No comments to this proposal were received. Having considered the proposed amendment and having received no comments, we adopt the amendment as proposed.
Accordingly, we hereby amend Canon 7 of the Florida Code of Judicial Conduct as set forth in the attached appendix. New language is indicated by underscoring. The amendment is effective immediately.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
APPENDIX
Canon 7. A Judge or Candidate for Judicial Office Shall Refrain From Inappropriate Political Activity
A. All judges and Candidates.
(1)Except as authorized in Sections 7B(2), 7C(2) and 7C(3), a judge or a candidate for election or appointment to judicial office shall not:
(a) act as a leader or hold an office in a political organization;
(b) publicly endorse or publicly oppose another candidate for public office;
(c) make speeches on behalf of a political organization;
(d) attend political party functions; or
(e) solicit funds for, pay an assessment to or make a contribution to a political organization or candidate, or purchase tickets for political party dinners or other functions.
(2) A judge shall resign from judicial office upon becoming a candidate for a non-judicial office either in a primary or in a general election, except that the judge may continue to hold judicial office while being a candidate for election to or serving as a delegate in a state constitutional convention if the judge is otherwise permitted by law to do so.
(3) A candidate for a judicial office:
(a) shall maintain the dignity appropriate to judicial office and act in a manner consistent with the integrity and independence of the judiciary, and shall encourage members of the candidate’s family to adhere to the same standards of political conduct in support of the candidate as apply to the candidate;
(b) shall prohibit employees and officials who serve at the pleasure of the candidate, and shall discourage other employees and officials subject to the candidate’s direction and control from doing on the candidate’s behalf what the candidate is prohibited from doing under the Sections of this Canon;
(e) except to the extent permitted by Section 7C(1), shall not authorize or knowingly permit any other person to do for the candidate what the candidate is prohibited from doing under the Sections of this Canon;
(d) shall not:
(i) make pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office;
(ii) make statements that commit or appear to commit the candidate with respect to cases, controversies or issues that are likely to come before the court; or
*1081 (iii) knowingly misrepresent the identity, qualifications, present position or other fact concerning the candidate or an opponent;
(e) may respond to personal attacks or attacks on the candidate’s record as long as the response does not violate Section 7A(3)(d).
B. Candidates Seeking Appointment to Judicial or Other Governmental Office.
(1) A candidate for appointment to judicial office or a judge seeking other governmental office shall not solicit or accept funds, personally or through a committee or otherwise, to support his or her candidacy.
(2) A candidate for appointment to judicial office or a judge seeking other governmental office shall not engage in any political activity to secure the appointment except that:
(a) such persons may:
(i) communicate with the appointing authority, including any selection or nominating commission or other agency designated to screen candidates;
(ii) seek support or endorsement for the appointment from organizations that regularly make recommendations for reappointment or appointment to the office, and from individuals; and
(iii) provide to those specified in Sections 7B(2)(a)(i) and 7B(2)(a)(ii) information as to his or her qualifications for the office;
(b) a non-judge candidate for appointment to judicial office may, in addition, unless otherwise prohibited by law:
(i) retain an office in a political organization,
(ii) attend political gatherings, and
(iii) continue to pay ordinary assessments and ordinary contributions to a political organization or candidate and purchase tickets for political party dinners or other functions.
C. Judges and Candidates Subject to Public Election.
(1) A candidate, including an incumbent judge, for a judicial office that is filled by' public election between competing candidates shall not personally solicit campaign funds, or solicit attorneys for publicly stated support, but may establish committees of responsible persons to secure and manage the expenditure of funds for the candidate’s campaign and to obtain public statements of support for his or her candidacy. Such committees are not prohibited from soliciting campaign contributions and public support from any person or corporation authorized by law. A candidate shall not use or permit the use of campaign contributions for the private benefit of the candidate or members of the candidate’s family.
(2) A candidate for merit retention in office may conduct only limited campaign activities until such time as the judge certifies that the judge’s candidacy has drawn active opposition. Limited campaign activities shall only include the conduct authorized by subsection C(l), interviews with reporters and editors of the print, audio and visual media, and appearances and speaking engagements before public gatherings and organizations. Upon mailing a certificate in writing to the Secretary of State, Division of Elections, with a copy to the Judicial Qualifications Commission, that the judge’s candidacy has drawn active opposition, and specifying the nature thereof, a judge may thereafter campaign in any manner authorized by law, subject to the restrictions of subsection A(3).
(3) A judicial candidate involved in an election or re-election, or a merit retention candidate who has certified that he or she has active opposition, may attend a political party function to speak in behalf of his or her candidacy or on a matter that relates to the law, the improvement of the legal system, or the administration of justice. The function must not be a fund raiser, and the invitation to speak must also include the other candidates, if any, for that office. The candidate should refrain from commenting on the candidate’s affiliation with any political party or other candidate, and should avoid expressing a position on any political issue. A judicial candidate attending a political party function must avoid conduct that suggests or appears to suggest support of or opposition to a political party, a political issue, or another *1082 candidate. Conduct limited to that described above -does not constitute participation in a partisan political party activity.
D. Incumbent Judges. A judge shall not engage in any political activity except (i) as authorized under any other Section of this Code, (ii) on behalf of measures to improve the law, the legal system or the administration of justice, or (iii) as expressly authorized by law.
E. Applicability. Canon 7 generally applies to all incumbent judges and judicial candidates. A successful candidate, whether or not an incumbent, is subject to judicial discipline for his or her campaign conduct; an unsuccessful candidate who is a lawyer is subject to lawyer discipline for his or her campaign conduct. A lawyer who is a candidate for judicial office is subject to Rule 4-8.2(b) of the Rules Regulating The Florida Bar.
F. Statement of Candidate for Judicial Office. Each candidate for a judicial office, including an incumbent judge, shall file a statement with the qualifying officer within 10 days after filing the appointment of campaign treasurer and designation of campaign depository, stating that the candidate has read and understands the requirements of the Florida Code of Judicial Conduct. Such statement shall be in substantially the following form:
STATEMENT OF CANDIDATE FOR JUDICIAL OFFICE
I, , the judicial candidate, have received, have read, and understand the requirements of the Florida Code of Judicial Conduct.
Signature of Candidate Date